Frederick B. Bryant, J.
The plaintiff has sued all of the named defendants..to recover property damage resulting from a collision between a truck owned by the defendant, Humble Oil & Refining Company, and driven by John H. Waldron, deceased, and a motor vehicle owned by the defendant, Robert Small, and operated by the defendant, Carl Tori. In a prior action brought by Humble Oil and Waldron against Small and Tori, the negligence of Humble Oil Company and its driver, Waldron, and the freedom of Small and Tori from negligence, were established.
Plaintiff now moves for summary judgment establishing the liability of Humble Oil Company and John H. Waldron in this action, on the theory of collateral estoppel. Its right of recovery appears clear under the rules established by B. R. De Witt, Inc. v. Hall (19 N Y 2d 141); and Schwartz v. Public Administrator (24 N Y 2d 65). It asks for suimnary judgment and a severance of the action between the two sets of defendants for the purpose of assessing damages.
The defendants urge denial of thé motion, on the grounds that the issue of contribution between joint tort-feasors for the damages sustained by the plaintiff remains undetermined. They argue that to grant summary judgment at this stage of the proceeding and to sever the action would lead to a multiplicity of lawsuits and require a separate trial of the issues of relative fault as between the codefendants. No cross claims have been interposed between the defendants.
Dole v. Dow Chem. Co. (30 N Y 2d 143) establishes the substantive right of a defendant to seek contribution from a joint tort-feasor for the proportionate share of the damages sustained by the plaintiff attributable in any degree to the negligence of such joint tort-feasor. Apparently the claim for such contribution can be asserted either by cross claim in the principal action or by a separate suit for indemnity.
*80 It is the opinion of this court that the right of recovery given to a defendant to thus, seek partial reimbursement of the damages for which such defendant may be held liable was not intended to in any way diminish the plaintiff’s right to seek recovery against any defendant whom it may choose to hold liable. Nor should it. be used to diminish the right of a plaintiff to settle with any defendant who wishes to dispose of the claim by compromise or by payment without litigation. To hold otherwise would only serve to increase the burden of litigation imposed on a plaintiff seeking reimbursement for its loss, and thus work an undue hardship on such plaintiff.
The plaintiff here has established a clear right of recovery against two of the four defendants named in its summons and complaint. It is entitled to summary judgment adjudicating their liability and to a severance of the action against those defendants for the purpose of ascertaining the damages for which they are liable — the only issue remaining for trial. Whether the action is severed or not, the burden of proving the degree of negligence between the two sets of defendants would be that of the defendants held summarily liable. No purpose would be served by compelling the plaintiff to remain a. party to the action until such issue is determined. Had the defendants cross-claimed there would be no multiplicity of actions. It is their failure to do so and not the plaintiff’s assertion of its clear right to recovery against two of them that has necessitated a further lawsuit.
The motion is, granted.